JUDGE SCHEINDLIN

**08 CV 3634**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------X
SUBBAROW FABRICS,                                    Case No: _____
                              Plaintiff,

Vs.                                                                  **COMPLAINT**

COMPLETE CLOTHING COMPANY, INC.

                              Defendants,
------------------------------------------------------------X

APR 18 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, by its undersigned counsel, alleges upon knowledge as to itself and its own

actions, and upon information and belief as to all other matters alleged below, as follows.

## THE PARTIES

1.      Plaintiff Subbarow Fabrics ("Subbarow") is an Indian Corporation. Plaintiff's

corporate offices are located at #5, Kumaran Colony, 7th Street, Vadapalani, Chennai,

India 600 026.

2.      Upon information and belief, Complete Clothing Company, Inc. ("Complete") is,

and was at all relevant times, a duly organized California Corporation. The company

maintains offices at 2288 Fruitland Avenue, Vernon, California 90058.

## JURISDICTION

3.      This court has original jurisdiction over this action pursuant to 28 U.S.C.A. §

1332, based on diversity of citizenship between the parties to this action.

1

4.    Plaintiff is a Corporation based in Chennai, India. Defendant Complete Clothing is a California Corporation.

5.    The sum in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

## FACTUAL BACKGROUND

6.    Plaintiff Subbarow is the owner and operator of a textile mill based in Chennai, India. Plaintiff is also an exporter of both unfinished fabrics and finished clothing to countries worldwide, including the United States.

7.    Upon information and belief, Complete is an importer, wholesaler, and retailer of fabrics and clothing to customers throughout the United States.

8.    Since at least 2006, Complete has placed orders for unmade fabrics and finished women's garments with Plaintiff Subbarow.

9.    Plaintiff Subbarow faithfully and fully performed its obligations by providing finished women's garments and unfinished fabrics to Defendant Complete, and as per Defendant Complete's specifications, until July 2007.

10.    Defendants accepted all goods and materials from Plaintiff Subbarow. Defendants never communicated non-acceptance, repudiation, or rejection of any shipment.

11.    Beginning on or about February 2006, Defendant Complete failed to make timely and complete payment on numerous invoices. As of the present date, Defendant Complete has failed to pay invoices totaling $103,039.63, not inclusive of late payment penalties and interest.

12.     When Plaintiff Subbarow requested payment, Defendant Complete unilaterally asserted late delivery penalties, packing charges, and other such self-imposed discounts towards the monies due, though Plaintiff Subbarow never authorized or ratified any such discounts against the monies due and owing.

13.     Such non-payment continued until August, 2007, when Plaintiff Subbarow refused to further ship any goods without payment of all monies due.

## FIRST CAUSE OF ACTION

14.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 13 above.

15.     Defendant Complete Clothing, Inc. entered into a contract with Plaintiff Subbarow where Plaintiff Subbarow would supply unfinished fabrics and finished ladies garments.

16.     Plaintiff faithfully performed its duty to supply said fabrics and ladies garments.

17.     Plaintiff is entitled to full recovery of monies due upon outstanding invoices. These invoices were generated pursuant to a merchant's contract between the parties. Defendants accepted delivery of all goods. Moreover, Defendants never communicated non-acceptance, repudiation, or rejection of goods. Therefore, Plaintiff requests full payment of outstanding invoices in the sum of $103,039.63.

WHEREFORE, Plaintiff demands judgment against Defendant for $103,039.63, which does not include interest and attorney's fees, cost of suit, and such other and further relief to which Plaintiff may be entitled.

## SECOND CAUSE OF ACTION

18.    Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 17 above.

19.    Between January 1, 2006 and July 9, 2007, Plaintiff provided goods and services to the Defendant, upon the promise by Defendant to pay for same.

20.    Although Plaintiff has demanded payment, there remains due and owing $103,039.63.

WHEREFORE, Plaintiff demands judgment against Defendant for $103,039.63, which does not include interest and attorney's fees, cost of suit, and such other and further relief to which Plaintiff may be entitled.

## THIRD CAUSE OF ACTION

21.    Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 20 above.

22.    Defendant is indebted to Plaintiff in the sum of $103,039.63 upon an account stated between them.  Payment has been demanded and has not been made.

WHEREFORE, Plaintiff demands judgment against Defendant for $103,039.63, which does not include interest and attorney's fees, cost of suit, and such other and further relief to which Plaintiff may be entitled.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

A.  Order requiring payment in full of all outstanding invoices of Defendant

    Complete Clothing in the sum of $103,039.63

B.  Granting Plaintiff such other and further relief as the court deems just and proper,

    along with the attorney fees, costs, and expenses incurred by Plaintiff in bringing

    this action.


Dated: Jersey City, New Jersey
      April 16, 2008               LAW OFFICES OF SAIF M. AGHA


By:      _____
        Saif M. Agha, Esq.
        Attorney for Plaintiff

        35 Journal Square, Suite 430
        Jersey City, New Jersey 07306
        Tel: 201-526-3835
        Fax: 201-489-4585

JUDGE SCHEINDLIN

'08 CV 3634

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------X

SUBBAROW FABRICS,

     Plaintiff,

Vs.

COMPLETE CLOTHING COMPANY, INC.

     Defendants,
--------------------------------------------------------X

Case No: _____

**RULE 7.1 STATEMENT**

APR 18 2008
U.S.D.C. S.D. N.Y.
CASHIERS

  Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure the undersigned attorney of record for Plaintiff Subbarow Fabrics certifies that the following are the corporate parents and publicly held corporations that own more than 10% of stock in Plaintiff: NONE

Dated: Jersey City, New Jersey
   April 16, 2008

      LAW OFFICES OF SAIF M. AGHA

     By: _____

       Saif M. Agha, Esq.
       Attorney for Plaintiff

       35 Journal Square, Suite 430
       Jersey City, New Jersey 07306
       Tel: 201-526-3835
       Fax: 201-489-4585